# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 01 C 2257 | **DATE** | 1/24/2002 |
| **CASE TITLE** | ASHTON T. ADGER, JR. vs. JOHN E. POTTER | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion And Order. Plaintiff's motion to remand to the EEOC is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | |
|---|---|---|---|
| | No notices required. | | |
| | Notices mailed by judge's staff. | | JAN 25 200_ date docketed |
| | Notified counsel by telephone. | | |
| ✓ | Docketing to mail notices. | | |
| ✓ | Mail AO 450 form. | | |
| | Copy to judge/magistrate judge. | | date mailed notice |
| LG | courtroom deputy's initials | Date/time received in central Clerk's Office | mailing deputy initials |

| | |
|---|---|
| ASHTON T. ADGER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 01 C 2257 |
| v. ) | |
| ) | |
| JOHN E. POTTER, Postmaster General of the ) | Judge John W. Darrah |
| United States Postal Service, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff, Ashton T. Adger, Jr., (Adger), filed suit against defendant, John E. Potter, as Postmaster General of the United States Postal Service (USPS), alleging color, race, age, and disability discrimination pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the Rehabilitation Act of 1973, 29 U.S.C. § 791 *et seq.*; and the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621 *et seq.* Presently before the Court is Plaintiff's Motion to Remand to EEOC.

In June 1995, Adger was hired by the USPS as a part-time custodian. Adger is a 10 point, 30% disabled Vietnam War veteran. Sometime after June 1995, Adger became aware of, and applied for, an open position of City Letter Carrier (Carrier). In December 1995, Adger was informed by the USPS that he was medically unfit to perform the duties of a Carrier and that he was denied that position.

On July 17, 1996, Adger was terminated from the USPS. Adger filed a claim with the Merit Systems Protection Board and was rehired on August 19, 1996, and issued back pay for his previous termination.

On February 23, 1997, Adger timely filed an Equal Employment Opportunity (EEO) complaint of discrimination in the USPS. In the EEO complaint, Adger alleged discrimination based on race, color, sex, age, and handicap and identified five individuals who took alleged discriminatory action against him.

In June 1997, the USPS mailed Adger a correspondence stating that the scope of the USPS's investigation would include only the issue of not being hired for the Carrier position. It also stated that if Adger disagreed with the defined issue, he must provide the USPS with sufficient reasons to substantiate his objections, in writing, within seven calendar days of the receipt of the correspondence. Adger did not object to the scope of the investigation as defined in the correspondence.

The correspondence further stated that, if Adger was dissatisfied with the final decision of the USPS, he could exercise his appeal rights, including appealing to the Office of Federal Operations, Equal Employment Opportunity Commission (EEOC) or he could file a civil action in the appropriate District Court within 90 days of the receipt of the final decision. It also stated that Adger could file a civil complaint in an appropriate District Court after 180 days of the filing of his formal complaint if the USPS had not issued a final decision on his complaint.

On April 5, 1999, the USPS issued a final agency decision denying Adger's administrative complaint of discrimination. The final decision again informed Adger that, if he was dissatisfied with the final decision, he could file a civil action in an appropriate District Court within ninety calendar days of the receipt of the final decision. Alternatively, the final decision informed Adger that he could file an appeal with the EEOC within thirty days of the date of his receipt of the final decision. Adger did not file an appeal with EEOC.

In March 2001, Adger filed the present suit and now seeks to remand the case to the EEOC for a final determination of "unresolved issues" that were not investigated by the USPS. Adger alleges that the USPS failed to investigate the discriminatory practices of the five individuals named in the EEO complaint.

In the instant case, Adger was informed of the scope of the USPS's investigation and actions he could take if he did not agree with such scope. Adger was also informed that he could appeal the USPS's final ruling to the EEOC. Adger failed to take any actions concerning the scope of the investigation or his desire to have the EEOC investigate his allegations. Adger does not provide any authority that gives this Court the authority to remand a cause of action to the EEOC when the cause of action was never before the EEOC due to the failure of the plaintiff to file with the EEOC in a timely manner. Furthermore, this Court was unable to find any authority. If Adger seeks to appeal the final decision to the EEOC, as provided in the USPS's final decision, he may dismiss the present cause of action and pursue that appeal. Adger cannot use this Court to send the matter to the EEOC after possible deadlines have past, which they appear to have, in hopes that the EEOC will investigate his probable late appeal.

For the reasons state above, the Plaintiff's Motion to Remand to the EEOC is denied.

Dated: January 24, 2000

JOHN W. DARRAH
United States District Judge

3